

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00296-CR

MANUEL ZUBIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2016-410,823, Honorable John J. "Trey" McClendon III, Presiding

January 3, 2020

## ORDER OF ABATEMENT AND REMAND

Before PIRTLE and PARKER and DOSS, JJ.

Appellant Manuel Zubia appeals his conviction for indecency with a child by sexual contact[1] and sentence to forty years' confinement. The appellate record was originally due October 1, 2019. The clerk's record was filed by this deadline, but the reporter's record was not. We subsequently granted the reporter, Ms. Breann Hays, three extensions to file the reporter's record. By letter of December 9, 2019, we admonished

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2019) (second degree felony). Appellant's range of punishment was enhanced by a prior final felony conviction. TEX. PENAL CODE ANN. § 12.42(b) (West 2019).

Ms. Hays that no further extensions would be granted and that her failure to file the reporter's record by December 30 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. On December 31, 2019, Ms. Hays requested a fourth extension to January 13, 2020, due to her caseload.

Understanding that caseloads may delay the completion of records, we deny the request for extension, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c); 37.3(a)(2). On remand, the trial court shall determine the following:

1.    what tasks remain to complete the filing of the reporter's record;

2.    why Ms. Hays has not completed the necessary tasks;

3.    what amount of time is reasonably necessary for the completion of those tasks; and

4.    whether Ms. Hays can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that Ms. Hays will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by February 3, 2020.

2

Should Ms. Hays file the complete reporter's record on or before January 13, 2020, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.